IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KIMBERLY BUFFKIN and ERIC RICHARDSON, in his capacity as Guardian ad Litem for OP, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:14CV3 |
| MARUCHAN, INC., and TOYO SUISAN KAISHA, LTD., | ) ) ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiffs Kimberly Buffkin[1] ("Buffkin") and Eric Richardson in his capacity as guardian ad litem for OP ("OP") (collectively "Plaintiffs") commenced this action by filing a Complaint in the General Court of Justice, Superior Court Division, Forsyth County, North Carolina, against Defendants Maruchan, Inc. ("Maruchan") and Toyo Suisan Kaisha, Ltd. ("Toyo") (collectively "Defendants"). (Complaint ("Compl.") (Doc. 7).) Defendant

---

[1] Kimberly Buffkin is the mother of OP.

Maruchan removed the action to federal court on January 6, 2014[2] based on diversity jurisdiction.[3] (Notice of Removal (Doc. 1).)

In the Complaint, Plaintiffs allege that Maruchan is a subsidiary of Toyo. (Compl. (Doc. 7) at 1.) In the Notice of Removal, Maruchan states that:

> It is believed that Defendant Toyo Suisan Kaisha, Ltd. is a Japanese corporation, with its principal place of business also being in Japan. For the purposes of diversity jurisdiction, Defendant Toyo Suisan Kaisha, Ltd. is therefore believed to be a foreign corporation and a citizen of Japan for the purposes of diversity jurisdiction. Though it is unclear at the present time as to whether Defendant Toyo Suisan Kaisha, Ltd. has been properly joined and served in this matter, counsel for Maruchan has also been retained to represent Defendant Toyo Suisan Kaisha, Ltd. and represents to the Court that it will not object to the removal of this matter.

---

[2] Maruchan's Notice of Removal was placed under seal by an assistant clerk of court when it was filed on January 6, 2014. (Resp. to Pls.' Mot. to Remand (Doc. 19) at 2.) The clerk sealed the removal petition, because Maruchan failed to redact OP's name as required by Fed. R. Civ. P. 5.2, which requires the name of a minor to be redacted. According to Maruchan, the clerk telephoned Maruchan to alert them of their oversight and informed Maruchan that the document would be sealed until Maruchan could file a redacted version. Maruchan filed the redacted notice of removal (Doc. 5) on January 7, 2014. (Id.)

[3] The parties in the present action are completely diverse. Plaintiffs are North Carolina residents. Maruchan, a corporation, is a citizen of California, with its principal place of business there. The amount in controversy exceeds the statutory minimum for diversity. It is believed that Toyo is a Japanese corporation with its principal places of business in Japan. (Notice of Removal (Doc. 5).) Plaintiffs concede that there is complete diversity between all parties. (Pls.' Mem. in Supp. of Mot. to Remand (Doc. 15) at 1.)

(Notice of Removal (Doc. 5) at 4 (internal citations omitted).) Also on January 6, 2014, Attorneys Leslie P. Lasher and J. Matthew Little filed Notices of Appearances (Docs. 2, 4) on behalf of both Maruchan and Toyo. Other than consenting to removal, Toyo has not made any other filings in this matter. Therefore, this court refers only to Maruchan and not "Defendants" in this Order.

Presently before this court are three motions: (1) Maruchan's Motion to Dismiss (Doc. 11), (2) Maruchan's Motion to Add Necessary Party (Doc. 13), and (3) Plaintiffs' Motion to Remand (Doc. 14). This court has carefully considered the motions and all supporting briefs filed by both parties. For the reasons stated fully below, this court will deny all three motions.

I. **BACKGROUND**

Plaintiffs filed the present action to recover damages resulting from OP allegedly being burned by a spill of instant soup produced by Maruchan. In May 2011, Buffkin purchased a carton of Maruchan Instant Lunch ("Instant Lunch"). (Compl. (Doc. 7) ¶ 24.) That same month, OP's father allegedly prepared the Instant Lunch as directed by adding boiling water to the Styrofoam cup that holds the instant lunch. (Id. ¶ 32.) Plaintiffs allege that, because of a design defect in the

- 3 -

Styrofoam packaging, OP's infant nephew tipped the Instant Lunch which then spilled on OP and severely burned her. (Id. ¶¶ 31, 33-34.) Plaintiffs contend that Maruchan knew or should have known that the design of their Instant Lunch packaging was dangerous and defective and are, therefore, responsible for OP's injuries and subsequent medical expenses. (Id. ¶ 37.) Plaintiffs initiated the present action against Maruchan and Toyo to recover medical and other related costs stemming from Defendants' alleged design defect and negligence. (Id. ¶ 45.)

## II. ANALYSIS

Maruchan moves this court to both (1) dismiss Plaintiffs' claims for punitive damages (Doc. 11) and (2) add OP's father, Jason A. Powell ("Powell"), as a necessary party (Doc. 13). Plaintiffs move this court to remand the action back to state court based on Plaintiffs' allegations that Maruchan's Petition for Removal was not timely. (Doc. 14.)

### A. Motion to Dismiss Claim for Punitive Damages

Maruchan filed a Motion to Dismiss (Doc. 11) and Memorandum in Support of the Motion to Dismiss (Doc. 12) on January 17, 2014. Maruchan argues that Plaintiffs did not properly assert a claim for punitive damages in their complaint, but simply asked for punitive damages in their prayer for relief. (Def.'s Mem. in Supp. of Mot. to Dismiss Pls.' Punitive Damage Claim ("Def.'s

Mem.") (Doc. 12) at 3.) On February 10, 2014, Plaintiffs filed a Notice of Voluntary Withdrawal of Punitive Damages Claim. (Notice of Withdrawal (Doc. 18).) With this Notice, Plaintiffs seek to withdraw their claims for punitive damages while reserving the right to replead the claims should discovery reveal facts supporting such a claim.[4] (Id. at 2.) Maruchan consents to Plaintiffs' voluntary withdrawal without prejudice to their punitive damages claim. (Def.'s Notice of Consent to Voluntary Dismissal (Doc. 20).) In light of Plaintiffs' withdrawal of the punitive damages claim with consent from Maruchan, this court will deny Maruchan's Motion to Dismiss (Doc. 11) as it is rendered moot and will allow dismissal of Plaintiffs' punitive damage claim without prejudice.

**B. Motion to Add Necessary Party**

On January 23, 2014, Maruchan filed a Motion to Add Necessary Party pursuant to Fed. R. Civ. P. 19, or in the alterative, Fed. R. Civ. P. 20. (Doc. 13.) Maruchan requests this court order or allow the addition of James A. Powell as a necessary party in the present action. Upon information and

---

[4] Plaintiffs cite Stricklin v. Fortuna Energy, Inc., Civil Action No. 5:12CV8, 2013 WL 869717 (N.D.W. Va. Mar. 7, 2013) for the proposition of allowing them to voluntarily withdraw their punitive damage claims without prejudice in order to preserve their right to replead such claims should discovery reveal facts supporting such a claim. (Notice of Withdrawal (Doc. 18) at 2 n.2.)

belief, Powell is OP's father. (Id. at 1.) Plaintiffs did not file any response to this motion.

Fed. R. Civ. P. 19 sets out the parameters for required joinder of parties. Specifically, the rule states:

(a) Persons Required to Be Joined if Feasible.

    (1) <u>Required Party</u>. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

        (A) in that person's absence, the court cannot accord complete relief among existing parties; or

        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

            (i) as a practical matter impair or impede the person's ability to protect the interest; or

            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Rule 19 creates a two-step inquiry: first, whether a party is necessary to a proceeding because of its relationship to the matter under consideration; and second, if a necessary party is unavailable, whether the proceeding can continue in that party's absence. If it cannot, the party is indispensable and the action should be dismissed." <u>Teamsters Local Union No. 171 v. Keal</u>

Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999) (footnotes and internal citations omitted).

In the alterative, Fed. R. Civ. P. 20 allows for permissive joinder of parties. The relevant portion reads:

(a) Persons Who May Join or Be Joined.

    (1) Plaintiffs. Persons may join in one action as plaintiffs if:

        (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

        (B) any question of law or fact common to all plaintiffs will arise in the action.

Plaintiffs' Complaint asserts that it was OP's father[5] who prepared the Instant Lunch and was monitoring the children when the alleged accident occurred. (Compl. (Doc. 7) ¶¶ 32-33.) Maruchan alleges that Powell, pursuant to N.C. Gen. Stat. § 50-13.4, as parent of OP, is legally responsible for OP's medical bills until OP reaches the age of majority. (Mot. to Add Necessary Party (Doc. 13) at 1.) Maruchan asserts that Powell's alleged responsibility for OP's medical bills make him a necessary party to the present action. (Id. at 2.) However, this

---

[5] Plaintiffs do not name OP's father in the Complaint or any subsequent filings.

- 7 -

court does not find that Maruchan's request to add Powell meets the criteria for either Fed. R. Civ. P. 19 or 20.

This court is not persuaded by Maruchan's assertion that joinder is required pursuant to Rule 19, because Maruchan could be subject to multiple or inconsistent obligations if both of OP's parents are not parties to the present suit. (Id.) The Eastern District of Virginia analyzed the "inconsistent obligations" prong of Rule 19. S. Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co., 190 F.R.D. 182, 186 (E.D. Va. 1999). Looking at various circuit court decisions, that court found that "[t]he term 'inconsistent obligations' does not mean 'any inconsistency'. . . . Inconsistent obligations [requiring joinder] arise only when a party to the case risks facing conflicting judgments, so that compliance with one would conflict with the other." Id. In contrast, the court found Rule 19 joinder inapplicable when the alleged inconsistent obligations arose from possible "inconsistent adjudications." Id. "Inconsistent adjudications . . . are those in which a party might prevail on one theory of liability in one case, and then fail on that same theory, and even on the same or similar facts, in another case against another party; while inconsistent as a

matter of logic, these judgments would not necessarily subject the party to inconsistent legal obligations."[6] Id.

Maruchan has not persuaded this court that Powell is a necessary party pursuant to Rule 19. Plaintiffs' claims in the present action can be fully resolved without the addition of Powell. In addition, Maruchan has not persuaded this court that resolution of the present matter without Powell will subject Maruchan to the possibility of conflicting, inconsistent judgments. The financial obligations between OP's parents with regard to OP are not a matter for this court presently, nor are they a matter for Maruchan. Another factor dissuading this court from joining Powell is that Powell has not thus far claimed any interest in the present action.[7] This court also finds that Rule 20 joinder is not implicated, because there is nothing in the record to indicate that Powell has asserted any right to relief

---

[6] See Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)("[T]he mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other."); RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1464 (M.D.N.C. 1995) ("Rule 19 is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic."). S. Co. Energy Mktg., 190 F.R.D. at 186 n.5.

[7] Joinder was not required under Rule 19(a)(2) where the district court found that [party to be joined] had not claimed an interest in the federal action. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 93 (4th Cir. 2005).

at all. Therefore, this court will deny Maruchan's Motion to Add Necessary Party (Doc. 13) pursuant to Fed. R. Civ. P. 19 or 20.

C. **Motion to Remand**

Plaintiffs filed a Motion to Remand (Doc. 14) and Supporting Memorandum (Doc. 15) on February 3, 2014. On February 18, 2014, Maruchan filed a response in opposition to Plaintiffs' motion to remand (Doc. 19) and, on March 7, 2014, Plaintiffs filed a reply (Doc. 21). Plaintiffs assert that Maruchan's Notice of Removal was not timely filed, because the Notice was filed on January 6, 2014, the 30th and final day it could be filed, but the Notice was not redacted to protect minor child OP's identity.[8] As explained earlier, the clerk's office alerted Maruchan of this oversight, filed the Notice of Removal under seal on January 6, 2014, and Maruchan filed a redacted version the next day.

Plaintiffs do not contest that the January 6, 2014 Notice of Removal was procedurally correct in that it properly asserted diversity jurisdiction in this action. (Pls.' Reply (Doc. 21) at 4.) Plaintiffs' timeliness claim stems from Plaintiffs' assertion that Maruchan's Notice of Removal was actually filed

---

[8] Both parties agree that 28 U.S.C. § 1446(b)(1) requires that a Notice of Removal be filed within 30 days of a defendant's receipt of the initial pleading. In the present action, the 30th day was January 6, 2014.

on January 7, 2014, when the redacted version was filed. This is simply not the case. Maruchan filed the Notice of Removal with this court on January 6, 2014, and then amended that Notice on January 7, 2014, pursuant to instructions from this court. The Notice was docketed on January 6, 2014. (Doc. 1.) The Notice of Removal was timely filed within the thirty-day time period required by statute. Therefore, this court will deny Plaintiffs' Motion to Remand (Doc. 14).

## III. **CONCLUSION**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Maruchan's Motion to Dismiss (Doc. 11) is **DENIED** in that Plaintiffs' Voluntary Withdrawal of Punitive Damages Claim (Doc. 18) renders Maruchan's motion moot. In accordance with Plaintiffs' Notice (Doc. 18) and Maruchan's consent to said notice (Doc. 20), this court dismisses Plaintiffs' claim for punitive damages without prejudice.

**IT IS FURTHER ORDERED** that Maruchan's Motion to Add Necessary Party (Doc. 13) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Remand (Doc. 14) is **DENIED**.

This the 27th day of February, 2015.

                                  _____
                                  United States District Judge