IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KIMBERLY BUFFKIN and        )
ERIC RICHARDSON, in his     )
capacity as Guardian ad     )
Litem for OP,               )
                            )
        Plaintiffs,         )
                            )
    v.                      )    1:14CV3
                            )
MARUCHAN, INC., and TOYO    )
SUISAN KAISHA, LTD.,        )
                            )
        Defendants.         )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiffs Kimberly Buffkin[1] ("Buffkin") and Eric Richardson in his capacity as guardian ad litem for OP ("OP") (collectively "Plaintiffs") commenced this action by filing a Complaint in the General Court of Justice, Superior Court Division, Forsyth County, North Carolina, against Defendants Maruchan, Inc. ("Maruchan") and Toyo Suisan Kaisha, Ltd. ("Toyo") (collectively

---

[1] Kimberly Buffkin is the mother of OP.

"Defendants").[2] (Complaint ("Compl.") (Doc. 7).) Defendant Maruchan removed the action to federal court on January 6, 2014, based on diversity jurisdiction. (Notice of Removal (Doc. 1).)

Presently before this court is Plaintiffs' Motion for Leave to File First Amended Complaint. (Pls.' Mot. for Leave to File First Am. Compl. ("Pls.' Mot.") (Doc. 28).) This court has carefully considered the motion and all supporting briefs filed by both parties. For the reasons stated fully below, this court will deny the motion.

I. **BACKGROUND**

Plaintiffs filed the present action to recover damages resulting from OP allegedly being burned by a spill of instant soup produced by Maruchan. OP's father allegedly prepared the Instant Lunch as directed by adding boiling water to the instant lunch. (Compl. (Doc. 7) ¶ 32.) Plaintiffs allege that, because of a design defect in the Styrofoam packaging, OP's infant nephew tipped the Instant Lunch, which then spilled on OP and

---

[2] In the Complaint, Plaintiffs allege that Maruchan is a subsidiary of Toyo. (Compl. (Doc. 7) at 1.) On January 6, 2014, Attorneys Leslie P. Lasher and J. Matthew Little also filed Notices of Appearances (Docs. 2, 4) on behalf of both Maruchan and Toyo. Plaintiffs now indicate that they will seek a voluntary dismissal of Toyo. (Br. in Supp. of Pls.' Mot. for Leave to File First Am. Compl. ("Pls.' Br.") (Doc. 29) at 2 n.1.) Therefore, this court refers only to Maruchan and not "Defendants" in this Order.

severely burned her. (Id. ¶¶ 31, 33-34.) Plaintiffs contend that Maruchan knew or should have known that the design was dangerous and defective and is, therefore, responsible for OP's injuries and subsequent medical expenses. (Id. ¶ 37.) Plaintiffs initiated the present action to recover medical and other related costs stemming from Maruchan's alleged design defect and negligence. (Id. ¶ 45.) They now seek to add a negligence claim against OP's father, Jason Antonio Powell. (See Pls.' Mot. (Doc. 28) at 1.)

## II. ANALYSIS

Plaintiffs move this court to grant them leave to file their First Amended Complaint (Doc. 28-1). (Pls.' Mot. (Doc. 28) at 2.) Defendant Maruchan opposes Plaintiffs' motion. (Def. Maruchan, Inc.'s Mem. of Law Opposing Pls.' Mot. for Leave to File First Am. Compl. ("Def.'s Resp.") (Doc. 33).)

Because "Jason Antonio Powell, father of The Minor Plaintiff, was present at the scene of the incident and, Plaintiffs maintain, was responsible for the supervision of the two young children in his care," (Pls.' Mot. (Doc. 28) ¶ 3), "Plaintiffs now seek leave to amend their complaint to name Jason Antonio Powell as a defendant with allegations sounding in negligence." (Id. ¶ 4.) They base this motion on Federal Rule of Civil Procedure 15(a) and a trial court's discretion to freely

- 3 -

give leave to amend when so compelled, (Pls.' Br. (Doc. 29) at 1), asserting that there is no undue delay, they comply with this court's April 28, 2015 scheduling order, and their claims against Maruchan and its alleged conduct "remain[] essentially unchanged." (Id. at 2.)

Defendant Maruchan opposes Plaintiffs' motion on several grounds: (1) the court should decline to exercise discretion per 28 U.S.C. § 1447(e), given the timing of Plaintiffs' motion, the impact on diversity, the equities in this case, and the potential for fraudulent joinder; (2) the court should deny the request to amend because adding Powell as a defendant would be futile; and (3) Plaintiffs' motion is barred by the law of the case doctrine. (See generally Def.'s Resp. (Doc. 33).)

Plaintiffs respond: (1) Plaintiff Buffkin and OP have relocated to New York so "joinder may or may not destroy diversity"; (2) parent-child immunity does not bar their claim against Powell; and (3) the law of the case doctrine does not apply here. (See Pls.' Reply to Def.'s Mem. of Law Opposing Pls.' Mot. for Leave to File First Am. Compl. ("Pls.' Reply") (Doc. 34) at 1-2 n.1 (emphasis added).)

With respect to whether joining Jason Antonio Powell would destroy diversity, this court makes the following findings.

Federal courts' diversity jurisdiction arises under 28 U.S.C. § 1332. Consequently, "[t]he question of citizenship for purposes of diversity jurisdiction is ultimately one of federal law." Long v. Sasser, 91 F.3d 645, 647 (4th Cir. 1996) (citation omitted). For diversity purposes, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2); cf. Fed. R. Civ. P. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). Further, in the Fourth Circuit, "a guardian ad litem['s] . . . residence has not been thought to be controlling of the question of diversity." Lester v. McFaddon, 415 F.2d 1101, 1103-04 (4th Cir. 1969) (citation omitted); see Blackwell v. Vance Trucking Co., 139 F. Supp. 103, 108 (E.D.S.C. 1956) ("[W]e find it definitely stated: 'But the next friend or guardian ad litem of an infant is a mere mechanical device . . . the infant is the real litigant and his would be the controlling citizenship.' . . . . '[T]he citizenship of the infant determines the question of diversity, and not that of the guardian ad litem.'" (citations omitted)); Willard v. United Parcel Serv., 413 F. Supp. 2d 593, 597 (M.D.N.C. 2006) ("Defendants state in their notice of removal that GCW is a

- 5 -

citizen of North Carolina.  Therefore, plaintiff [who served as guardian ad litem of GCW, a minor,] must also be treated as one pursuant to 28 U.S.C. § 1332(c)(2)."); cf. Ziady v. Curley, 396 F.2d 873, 874 n.1 (4th Cir. 1968) (noting that "Plaintiff d[id] not dispute that the citizenship of the infant and not of the next friend determines whether diversity jurisdiction exists." (citation omitted)); Merritt v. Greenberg, 4 F. Supp. 655, 655 (E.D.N.Y. 1933) ("In an action brought by an infant, by a guardian ad litem, the citizenship of the infant, not of that guardian ad litem, is controlling on the question of diversity of citizenship.").

As to timing, "[c]itizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint . . . ." 28 U.S.C. § 1332(d)(7) (emphasis added).

Based on Plaintiffs' representations and the proposed Amended Complaint, this court determines that, should Plaintiff Buffkin and OP now be domiciled in New York, joining Powell as a defendant would not destroy diversity.

- 6 -

Case 1:14-cv-00003-WO-LPA   Document 37   Filed 01/14/16   Page 6 of 11

Because joining Powell under these circumstances would not involve adding a non-diverse party, section 1447(e)[3] and the law of the case doctrine are not implicated. The issue of futility, however, warrants consideration.

Generally, the decision of whether to grant leave to amend is in a district court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). Federal Rule 15(a) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman, 371 U.S. at 182). Further, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. (citation omitted); Foman, 371 U.S. at 182.

---

[3] 28 U.S.C. § 1447, describing procedure after removal generally, provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

- 7 -

"Leave to amend . . . should only be denied on the ground of futility where the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510-11 (citations omitted)(finding no futility where the resolution required complex arguments and factual inquiries); see Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (citation omitted). When addressing the futility of a proposed amendment,

> "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Notably, a claim is subject to dismissal for failure to state a claim "'when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.'"

Intellectual Ventures I LLC v. Capital One Fin. Corp., 99 F. Supp. 3d 610, 616 (D. Md. 2015) (citing Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013); Katyle v. Penn Nat'l Gamming Inc., 637 F.3d 462, 471 (4th Cir. 2011); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980); MTB Servs., Inc. v. Tuckman-Barbee Constr. Co., Civil Action No. RDB-12-02109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)); see also Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) ("Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of

potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." (internal quotation marks omitted) (citing Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011))).

When "[j]urisdiction is founded upon diversity of citizenship, 28 U.S.C.A. § 1332, . . . the law of North Carolina is controlling." Md. Cas. Co. v. Bank of Charlotte, 340 F.2d 550, 551 (4th Cir. 1965); see Fried v. N. River Ins. Co., 710 F.2d 1022, 1024 (4th Cir. 1983).

"It is the rule in North Carolina . . . that an unemancipated minor child cannot maintain a tort action against his parent for personal injuries . . . ." Gillikin v. Burbage, 263 N.C. 317, 321, 139 S.E.2d 753, 757 (1965) (citations omitted); see also Lee v. Mowett Sales Co., 316 N.C. 489, 491-92, 342 S.E.2d 882, 884 (1986) ("The Small decision enunciated the rule that an unemancipated minor child may not maintain an action based on ordinary negligence against his parents." (citations omitted)).[4] Further, parent-child immunity's status as an affirmative defense or not is irrelevant to the

---

[4] While North Carolina has a statutory exception to this rule, allowing suits in motor vehicle cases, see N.C. Gen. Stat. § 1-539.21 (2015), that exception does not apply to this case.

question of futility as long as it is apparent on the face of the complaint. See Intellectual Ventures, 99 F. Supp. 3d at 616.

In the proposed Amended Complaint (Doc. 28-1), Plaintiffs make the following allegations:

(1) "Defendant Jason Antonio Powell is the father of The Minor Plaintiff." (Id. ¶ 7.)

(2) "At all times herein, the Defendant Jason Antonio Powell, had a duty to exercise reasonable care to provide safe premises to The Minor Plaintiff." (Id. ¶ 51.)

(3) "The Defendant Jason Antonio Powell was then and there negligent in the following ways . . . ." (Id. ¶ 52.)

(4) "As a result of the negligence of Defendant Jason Antonio Powell, The Minor Plaintiff sustained serious physical injuries . . . ." (Id. ¶ 53.)

(5) "As a further proximate result of the Defendant Jason Antonio Powell's foregoing negligence, The Minor Plaintiff, sustained serious personal injuries, incurred medical expenses, experienced pain and suffering and will continue to incur medical expenses and experience pain and suffering in the future." (Id. ¶ 54.)

On the face of the proposed First Amended Complaint, it is clear to this court that Plaintiffs seek to add a simple negligence claim against Powell. Plaintiffs allege a duty of care, actual and proximate causation, and injury. Further, the proposed First Amended Complaint explicitly alleges that Powell is OP's father and that OP is a minor. Thus, under North Carolina parent-child immunity, this suit simply cannot proceed. Because this futility is apparent on the face of the proposed Amended Complaint, this court will deny leave to amend.

### III. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 28) is **DENIED**.

This the 14th day of January, 2016.

_____
United States District Judge